[No. 10304. Department One. July 29, 1912.]

THE STATE OF WASHINGTON, *Respondent,* v. BARNEY
PRIMMER, *Appellant.*[1]

CRIMINAL LAW—TRIAL—COMMENT ON FACTS. In a prosecution
for incest, in which the female, testifying for the defendant, con-
tradicted an affidavit previously made by her, it is unlawful com-
ment on the facts in violation of Const., art. 4, § 16, for the court,
in the presence of the jury, to order the witness into the custody of
the sheriff and to direct the filing of an information against her for
perjury.

Appeal from a judgment of the superior court for King
county, Gay, J., entered December 16, 1911, upon a trial
and conviction of incest. Reversed.

*Daniel Landon,* for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy,* for re-
spondent.

PARKER, J.—The defendant was convicted in the superior
court of the crime of incest, from which he has appealed to
this court. While several errors are assigned by counsel for
appellant, the principal ground upon which a reversal of
the judgment and a new trial is sought is that the trial
court committed error prejudicial to appellant by remarks
in the presence of the jury amounting to a comment upon the
facts, in violation of § 16, art. 4, of our state constitution,
providing that:

"Judges shall not charge juries with respect to matters of
fact, nor comment thereon, but shall declare the law."

Appellant was accused of committing the crime with his
daughter. She was called and sworn as a witness for the
state, and it was evidently expected by the prosecuting at-
torney that she would testify to facts showing the guilt of

[1] Reported in 125 Pac. 158.

her father, when the following occurred during her examination in chief:

"Mr. Kennedy, Deputy Prosecuting Attorney: Q. Directing your attention to the night of the 27th of October, were you down there at your home on Sturgis Road at that time? A. Yes, sir, I was home. Q. Was your father in bed with you at that time? A. No, he was not. Q. Directing your attention to this affidavit, is that your signature 'Josephine Primmer' there? A. Yes, sir, I signed that paper. Q. Before Mr. White—Crawford E. White? A. Yes, sir, I said that—I said he did this because I was mad. Mr. Kennedy: I will call Your Honor's attention to this affidavit (handing paper to court). Q. Which is the truth, did you or did you not, have sexual intercourse with your father? A. No, I did not. Q. You signed this affidavit before a notary? A. Yes, sir, I did; I signed it because I was mad at my father. . . . Mr. Kennedy: Your Honor, when we are through with this witness we will ask that she remain in custody, and we will file a perjury information against her. Mr. Landon [attorney for defendant]: I object to this. The Court: She will be retained. Mr. Landon: We except to Your Honor's ruling."

Thereafter, during her cross-examination, the following occurred:

"Mr. Kennedy: The witness seems to be perfectly willing to testify for counsel. Mr. Landon: I object to counsel's remarks; this witness has been called by the counsel himself. The Court: I understand that, but you have no right to go into anything except what is cross-examination. Call a deputy sheriff, if there is none here, to take her in custody. Mr. Landon: I object to that proceeding."

Thereafter when she was excused from the witness stand immediately upon the close of her examination, the following occurred:

"The Court: The deputy sheriff will take this girl, and I ask that the prosecuting attorney file a charge of perjury against her on her own admissions. Mr. Landon: We desire an exception to the court's remarks."

This all occurred in the presence of the jury. The paper shown to the witness and handed to the court by the deputy prosecuting attorney was an affidavit which purported to have been made by her, stating facts showing her father's guilt of the crime he was being tried for. The paper was not shown to the jury. It seems to us that the ordering of the witness into custody, and the remarks of the judge in connection therewith, clearly indicated his belief that the witness had committed perjury. It is insisted that the judge's remarks only indicated his belief that the witness had committed perjury in the making of the affidavit accusing her father of the crime, and was therefore favorable rather than prejudicial to him. If that was the intended meaning of the judge's remarks, the jury might well ask why did he not order appellant discharged. But whatever may be said of the intended meaning of the judge's remarks, they were manifestly expressions of opinion upon the credibility of the witness who had testified to facts tending directly to show that appellant was not guilty as charged. Many decisions of the courts of other states have been called to our attention dealing with the question of trial courts commenting upon facts; but we regard them of little aid here, in the light of the mandatory provisions of our constitution. We are of the opinion that, under our former decisions, the court's remarks in the presence of the jury upon this trial invaded the province of the jury to the prejudice of appellant, and for that reason he is entitled to a new trial. *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098; *State v. Hyde,* 20 Wash. 234, 55 Pac. 49; *State v. Crotts,* 22 Wash. 245, 60 Pac. 403; *State v. Priest,* 32 Wash. 74, 72 Pac. 1024.

The judgment is reversed, and appellant granted a new trial.

CROW, GOSE, and CHADWICK, JJ., concur.