ALFRED LOAN v. STATE.

No. 2140.  Decided January 29, 1913.

**1.—Carrying Pistol—Evidence—Confession—Charge of Court.**

Where the statement or confession contained both inculpatory and exculpatory matter, but the State did not rely solely upon the same and introduced other inculpatory evidence, there was no error in the court's failure to charge the jury that the State was bound by such statement or confession unless it was shown to·be false.  Following Slade v. State, 29 Texas Crim. App., 381.

**2.—Same—Practice—Fining Witness.**

Where the record on appeal showed that the witness who was fined while testifying willfully evaded answering questions by which the court did not seek to control the answers thereto, and which did not indicate the opinion of the court as to the guilt of the defendant and no injury was shown to the defendant, there was no reversible error.

Appeal from the County Court of Parker.  Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Preston Martin* and *Hood·& Shadle,* for appellant.—On question of court's action in interrogating and fining witness: Copeney v. State, 10 Texas Crim. App., 473; Moncallo v. State, 12 id, 171; Harris v. State, 37 Texas Crim. Rep., 441; Harrell v. State, 39 id, 204; Mitchell v. State, 65 Tex. Crim. Rep., 545; 144 S. W. Rep., 1006; Wragg v. State, 65 Tex. Crim. Rep., 131; 145 S. W. Rep., 342.

On question of charging on exculpatory evidence: Pharr v. State, 7 Texas Crim. App., 472; Jones v. State, 29 id, 20; Pratt v. State, 50 Tex. Crim. Rep., 227; 96 S. W. Rep., 8; Combs v. State, 52 Tex. Crim. Rep., 613; 108 S. W. Rep., 649.

On question of requested charges: Orner v. State, 65 Tex. Crim. Rep., 137; 143 S. W. Rep., 935.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of unlawfully carrying a pistol.

The evidence satisfactorily establishes the fact that appellant had a pistol on the occasion complained of, and fired it off, if not in the presence of, at least quite near to several ladies, two of whom positively identify appellant as one of the two persons who drove by them but a short time before the pistol was fired, going in the direction in which the pistol was fired.  The two in the buggy are positively identified as appellant and one Willie Gray.  The State introduced Andrew Moore, who testified: "My name is Andrew Moore; I live at Garner, in this county.  I know the defendant, Alfred Loan.  He lives

out on a farm near Garner. I was a witness in this case at the last term of court. I think the defendant had me summoned. About two weeks after the other trial I met the defendant and was congratulating him on his trial. I had heard that he had a hung jury. He said, yes, he was surprised that they did not stick him from the way some of the witnesses swore. He said some of the witnesses swore both ways against him; they swore that he had a pistol, and then they swore he did not have a pistol. He said in that conversation that he was guilty; that he had the pistol all right. Then he told me that he was joking; that he did not have any pistol at all. That was a short time after the other trial."

Appellant insists that, based on this testimony, the court should have instructed the jury that as the State introduced his testimony as a confession of guilt, the State is bound by the whole conversation had at the time unless it was shown to be false. This statement or confession may be said to contain both inculpatory and exculpatory matter, as the witness says that appellant first admitted to him he had the pistol, but subsequently stated he was joking, and if the State relied solely upon this statement for a conviction, appellant's contention would be correct. But the State, in addition to this statement or confession, introduced other inculpatory evidence, and upon which a jury would have been authorized to return a verdict of guilty, and under such circumstances a failure to so charge the jury does not present reversible error. In Slade v. State, 29 Texas Crim. App., 392, this court, speaking through Judge Hurt, said: "In the Pharr case the trial court had submitted to the jury two charges relating to the confessions or statements of the accused, the last being calculated to neutralize the first; the first being correct and the last wrong. The charge rejected in this case is in the language of the correct one in Pharr's case. Now it is not decided in the Pharr case that, though correct, such a charge must always be given, when requested, in every case in which the State introduces in evidence the admissions of the accused. This question was not before the court in the Pharr case. Under what circumstances must such a charge be given? This question is answered in Jones v. The State, ante, p. 20. When the State relies for conviction alone upon the admissions and confessions of the accused, and such confessions or admissions contain exculpatory or mitigating matters, such a charge should be given. In this case the State did not rely upon confessions or admissions alone for conviction."

The only other matter presented in the motion for new trial we deem it necessary to discuss relates to the action of the trial judge in fining a witness while on the witness stand. The State placed Willie Gray on the stand to testify. He stated he and appellant drove by in the buggy together, as testified to by the other witnesses, and at the point designated by them he heard "a noise," but did not know the kind nor character of noise, nor what made it. The record discloses

that this witness in substance answered all material questions, "I do not know " The court then asked him some questions which he could have answered in a way that would have been beneficial to either the State or the defendant, the court not framing the questions so as to suggest the guilt of defendant, but asking them in a way as to leave the witness free to answer as the facts justified. The witness continuing in a "don't know" frame of mind, the court assessed a fine against the witness and instructed the sheriff to take him to jail until he could answer the questions. Appellant contends that this action on the part of the court was very detrimental to him, and an indication to the jury that the court thought appellant guilty. Our satute is very strict in its rules that the judge shall in no way indicate to the jury his opinion as to the guilt or innocence of an accused person, or the weight to be given the evidence or any portion thereof, but none of our decisions go to the extent that where a witness is placed upon the stand and he refuses to answer questions, or answers them in an evasive way, that the court cannot fine such witness and commit him to jail until he will answer the questions. The record in this case discloses that the witness was wilfully evading answering questions as to facts he is placed in such juxtaposition to he must have known, and under such circumstances we think the court is authorized to punish as for contempt if the witness does not answer the questions. We are not saying how he shall answer the questions, and neither was the trial court in this instance. If the facts justified he could answer them in a way that would result in an acquittal; this the court did not seek to control. Courts are organized to develop the real truth in each case, and the trial courts must exercise sufficient authority to compel witnesses to testify, and while not to indicate the opinion of the court as to the guilt or innocence of an accused person, yet the mere assessment of punishment, and instructing the sheriff to keep the witness in jail until he will answer questions propounded to him, cannot be held to be injurious to a defendant.

Exclude the testimony of Willie Gray, and the evidence amply supports the verdict, and as the jury assessed the lowest penalty authorized by law, in no event could the conduct of the court complained of have been injurious to defendant.

The judgment is affirmed.

*Affirmed.*