*E. C. Peters* for defendant.

---

## TERRITORY *v.* WILLIAM KEKIPI.

### No. 1114.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. W. H. HEEN, JUDGE.

ARGUED OCTOBER 25, 1918.　　　　　DECIDED NOVEMBER 4, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

EVIDENCE—*objections—motion to strike out testimony.*

> One cannot take his chances of advantage by not objecting to questions which clearly call for improper evidence and if disappointed in the answer then move to strike out the testimony.

SAME—*right of trial judge to ask questions.*

> The trial judge should never assume the duties of counsel, but if at any time he becomes convinced that the witness has misunderstood the questions propounded by either counsel and as a result of such misunderstanding the import of his testimony is in doubt it is not only his privilege but his duty to ask such questions of the witness as are necessary to remove such doubt and fully develop the truth in the case.

SAME—*same.*

> The trial judge should not in the examination of a witness intimate any opinion upon the facts, assume the prisoner's guilt, or use any expression calculated to prejudice the rights of either party.

SAME—*same—leading questions.*

> It is not a valid objection that the court in examining a witness has asked a leading question. Since the court may in its discretion allow leading questions it may in the proper exercise of its right to ask questions also ask leading questions.

OPINION OF THE COURT BY KEMP, J.

This cause comes to this court upon exceptions from the circuit court of the first judicial circuit. The defendant was convicted of the offense of keeping intoxicating liquor for sale without a license and fined $1000. Various exceptions were noted during the trial, thirteen of which were embodied in a bill of exceptions and brought here for review. The defendant, however, in his oral argument abandoned and withdrew all of his exceptions except those relating to the action of the court in interrogating witnesses during the course of the trial. We will therefore consider only those exceptions which complain of the action of the court in propounding questions to the witnesses and will not examine the exceptions seriatim but will treat them in a general way.

The principal exception relied upon by the defendant relates to the refusal of the court to grant his motion to strike

out the questions propounded by the court to the witness William Haupu and his answers thereto for the following reasons set forth in the motion:

"1.   That the court went beyond its province and duty in asking said questions.

"2.   That on account of said questions, it assumes the prisoner's guilt.

"3.   That the court's intimations through said questions are likely to influence the jurors, and to defer to them in rendering their verdict.

"4.   That the said questions would give to the jury the impression that the court has determined that the accused is guilty.

"5.   That said questions asked by the court would tend to prejudice the accused.

"6.   That some of the questions put by the court were leading and therefore improper as being contrary to the rules of evidence."

A transcript of the questions and answers which the defendant desired stricken was attached to the motion.

It sometimes happens that answers are made to questions unobjectionable in themselves and improper testimony volunteered to which there was no opportunity to object in advance.  In such a case the proper remedy is to move promptly to strike out the objectionable testimony.  But one cannot take his chances of advantage by not objecting to questions which clearly call for improper evidence and if disappointed in the answers then move to strike out the testimony thus elicited.  Jones' The Law of Evidence, Vol. 3, Sec. 898.

From an examination of the record we find no objection interposed to the examination of the witness by the court or to any of the questions propounded by the court.  The motion to strike out the testimony was the first objection to this procedure and came on the following day of the trial, after the witness had been dismissed from the stand. If the objections now urged that the court had no right

to examine the witness at all and that some of its questions were leading and some assumed the guilt of the accused are valid the defendant could and should have interposed his objection at the time the questions were asked and before they were answered instead of taking his chance of gaining an advantage and when no advantage materialized then moving to strike out the testimony. But even had the objections now urged been interposed at the proper time we would not be inclined to hold that reversible error was committed.

Before the interrogation of the witness by the court began evidence had been adduced which showed that the defendant occupied rooms in a tenement at Kamanuwai lane and Beretania street at which place the prosecution was seeking to show that he kept beer for sale. Part of the testimony of the witness Haupu was to the effect that he (the witness) had purchased various quantities of beer for the defendant at various times and had delivered it to defendant at his said rooms. Either because the witness did not understand the import of the questions asked by defendant's counsel on cross-examination or because the interpreter, with whom the court and counsel had difficulty, did not efficiently perform his duties or because the witness was not attempting to tell the truth, at the time the court began the examination of the witness which elicited the evidence which the defendant sought to have stricken, it was impossible to tell what the witness was claiming as to the quantity of beer he had purchased for defendant. In order to satisfy himself whether or not the witness understood the questions to which he had answered the court asked the witness a series of short and simple questions, some of which were leading, covering the same subject upon which both the prosecution and defense had examined him, the subject being the time and place of the various purchases of beer by the

witness for the defendant and the quantity purchased on each occasion.

In ruling upon defendant's motion to strike the evidence thus elicited the trial judge said that he believed the witness had not understood counsel's questions and we infer that to be the reason he repeated the examination. The trial judge should never assume the duties of counsel, but if he at any time becomes convinced that the witness has misunderstood the questions propounded by either counsel and as a result of such misunderstanding the import of his testimony is in doubt, it is not only his privilege but his duty to ask such questions of the witness as are necessary to remove such doubt and fully develop the truth in the case. Of course he should not intimate any opinion upon the facts, assume the prisoner's guilt, or use any expression calculated to prejudice the rights of either party.

We think that the interrogation of the witness Haupu by the court in this case was justified by the fact that the purport of his testimony would otherwise have been left in doubt; that he did not by his questions either intimate an opinion upon the facts, assume the prisoner's guilt or use any expression calculated to prejudice defendant's right. Neither was it a valid objection to such examination that some of the questions were leading. The court may in its discretion allow counsel to ask leading questions and may as a matter of course, in the proper exercise of its right to ask questions, also ask leading questions. In support of our conclusions we extract the following:

"It is not only the right but the duty of the presiding judge in the trial of an action to ask questions of the witnesses whenever necessary to bring out the full truth of the case; but in so doing he should not himself intimate any opinion upon the facts, or use any expression calculated to prejudice the rights of either party." *Bowden et al* v. *Achor*, 22 S. E. (Ga.) 254.

"The court has the right to submit questions to a witness, and, unless the questions are in themselves objectionable, or so asked as to improperly influence the jury, no error is committed. The court would not, of course, be warranted in assuming the duties of counsel, but has a right when the testimony of a witness is not clearly understood or when for the purpose of ruling intelligently upon a question, an explanation is needed, or a fuller answer required, to ask questions of the witness." *Colee* v. *The State,* 75 Ind. 511, 514.

"We know of no limit to the right which belongs to the court, of interrogating witnesses, either in civil or criminal cases, especially the latter. The life or death of a man may hang upon the full development of the truth." *Epps* v. *The State,* 19 Ga. 102, 118.

"We understand the law to be that it is the duty of the judge, in the exercise of sound discretion, to elicit the evidence upon relevant and material points involved in the case." *DeFord et al* v. *Painter,* 41 Pac. (Okla.) 96, 104.

"On the trial of an indictment, the presiding judge may recall a witness and examine him to supply an omitted fact material either to the prosecution or defense." *State* v. *Lee,* 80 N. C. 483.

"The court may examine a witness after the parties have finished and may in its discretion allow a cross-examination thereupon." *Foreman* v. *Baldwin,* 24 Ill. 298.

"The court has the right, in directing the course of the proceedings, to propound questions without regard to objections." *State* v. *Caron et al.,* 118 La. 349, 42 So. 960.

"The court may, in its discretion, ask proper questions of witnesses for the purpose of eliciting the truth; and it is not only proper but conditions arise sometimes wherein it becomes its absolute duty to do so. A court should never assume the attitude of a prosecutor, nor should it indicate to the jury by its manner or the form of its questions what it thinks of the merits of the case on trial; but a case will not be reversed on this ground except where there has been a clear abuse of the discretion." *Miller* v. *Territory,* 85 Pac. (Okla.) 239.

"It has been held that where the examination of the defendant by counsel left the evidence indefinite and conflict-

ing as to some points, the action of the court in subjecting him to a lengthy examination as to such points, but without opening up any new subject or putting questions in a prejudicial form, did not call for a new trial, although it was not to be commended." 40 Cyc. 2441; *People* v. *Hackett,* 175 N. Y. 503, 67 N. E. 1087.

"It being in the discretion of the court to permit leading questions, it may of its own motion, ask questions of witnesses in that form." *People* v. *Bowers,* 18 Pac. (Cal.) 660.

"The court, upon a jury trial, may put proper questions to witnesses, even leading questions." *Huffman* v. *Cauble,* 86 Ind. 591.

"It is allowable for a trial judge in a criminal case, to ask a witness whether a conversation testified to as having taken place in his presence could have gone on without his hearing it though such question is leading in its character." *Driscoll* v. *People,* 47 Mich. 413, 11 N. W. 221.

What has been said in the discussion of the above exception and the authorities cited applies generally to the other exceptions, besides several of the other exceptions are based upon objections which do not contain any specific ground of objection.

"It is a familiar rule that mere general objections, without the statement of any specific ground of objection, will not be reviewed in the appellate court or constitute ground for a new trial. It is only fair that the trial judge should have opportunity to pass upon the precise question involved, and that the nature of the objection should be pointed out; and also that the opposing counsel should have the opportunity to remove the objection or supply the defect by other testimony." Jones' The Law of Evidence, Vol. 3, Sec. 896.

Such of the exceptions as are based upon objections which stated the specific ground of objection have been examined and we fail to find in them or any of them such error as would constitute grounds for reversal. They all

fall within the principles announced in the discussion of the principal exception.

The exceptions are overruled.

*G. A. Davis* (*A. M. Brown,* City and County Attorney, on the brief), for the Territory.

*W. C. Achi, Sr.* (*Achi & Achi* on the brief), for de-fendant.