(104 So. 845)

## GRISSETT v. STATE. (4 Div. 112.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied May 12, 1925.)

**1. Criminal law ⟨�⟩1159(2)—Reviewing tribunal will refuse to interfere, where inferences drawn from evidence are sufficient to sustain verdict.**

Reviewing tribunal will refuse to interfere, where there are inferences to be drawn from evidence sufficient to sustain verdict.

**2. Criminal law ⟨�⟩338(4, 5)—Checks given by witness to another in payment of whisky held inadmissible to disprove defendant's possession of still.**

In prosecution for possessing a still, checks given by witness to another in payment of whisky bought by such other at the still were inadmissible, as evidence tending to disprove possession in defendant.

**3. Intoxicating liquors ⟨�⟩233(1)—Evidence held admissible as a circumstance tending to connect defendant with dominion over premises and still as there located.**

In prosecution for possession of a still, evidence that there had been corn recently shucked in field adjoining still, at which there were fresh tracks made by defendant, and corn of similar kind was found in beer at still, where were also tracks of defendant, was admissible as a circumstance tending to connect defendant with dominion over premises and still as there located.

**4. Intoxicating liquors ⟨�⟩233(1)—Any evidence tending to prove defendant's presence at still was relevant.**

In prosecution for possession of a still, any evidence tending to prove defendant's presence thereat during time covered by prosecution was relevant.

**5. Intoxicating liquors ⟨�⟩233(1)—Evidence of track at still and description thereof held properly admitted.**

In prosecution for possession of a still, with a showing that a peculiar track, admittedly of defendant's, when seen in field leading from defendant's house to edge of swamp was also seen at still, and defendant had been seen

going into still place from the field, evidence of track and description thereof was properly admitted.

**6. Criminal law ☞1035(3)—Error cannot be predicated on court's action in ordering sheriff to take charge of defendant's witness, where no exception reserved on trial.**

Error cannot be predicated on court's action in ordering sheriff to take charge of defendant's witness, then testifying, who was in contempt of court, where no exception was reserved on trial.

**7. Criminal law ☞657, 1152(1)—Court's discretion in taking charge of witness in contempt of court not interfered with except for clear abuse.**

Courts have a wide discretion in taking charge of witnesses in contempt of court, which will not be interfered with, except for clear abuse of power.

**8. Criminal law ☞1122(5) — Oral charge of court not reviewed where not appearing in bill of exceptions.**

Excerpt from oral charge of court referred to in defendant's brief will not be reviewed, where it did not appear in bill of exceptions.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Cam Grissett was convicted of possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Grissett, 104 So. 847.

Ballard & Brassell and D. A. Baker, all of Troy, for appellant.

There was no sufficient evidence to convict defendant with possession of the still. Seigler v. State, 19 Ala. App. 135, 95 So. 563. The checks given in payment for liquor should have been admitted to show Snyder, instead of defendant, was operating the still. Grissett v. State, 18 Ala. App. 675, 94 So. 271; Owensby v. State, 82 Ala. 63, 2 So. 764; Moon v. State, 19 Ala. App. 176, 95 So. 830. Testimony as to tracks was erroneously admitted. Hodge v. State, 97 Ala. 37, 12 So. 164, 38 Am. St. Rep. 145. Defendant was entitled to the general charge. Moon v. State, supra; Stanley v. State, ante, p. 387, 102 So. 245.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence as to tracks was properly admitted. Patterson v. State, 202 Ala. 65, 79 So. 459. Counsel discuss other questions raised, but without citing additional authorities.

SAMFORD, J. The court heartily concurs in the statement found in appellant's brief, to the effect that:

"There are points and propositions, raised upon the record, which contain little merit."

Counsel for appellants generally would do well to emulate the example here set. The practice of taking countless exceptions in criminal cases, which under the statutes must be considered by the appellate courts, entails an enormous amount of labor and sometimes results in hasty consideration of exceptions of real merit. The action of appellant's counsel in this case is commended to the profession generally.

[1] We have read the record in this case with great care, not alone because of the punishment that must be meted out to a defendant upon conviction for the crime here charged, but in this case a sentence of from two to three years in the penitentiary is perhaps the larger part of the life of a man who is past 72 years of age. The facts and circumstances surrounding the crime and the atmosphere of the trial must have deeply impressed the jury, who returned the verdict of guilt, and the learned judge who imposed the sentence. Looking at the facts as they are recited in the "cold type" of the record, there were inferences to be drawn from the evidence sufficient to sustain the verdict, and where this is the case this court has consistently refused to interfere.

[2] The two checks for $16 each, given by the witness Castleberry to Snyder in payment of whisky bought by Snyder at the still, were irrelevant and inadmissible as evidence tending to disprove possession in defendant. Snyder may have been guilty equally with defendant in the possession of the still; indeed, it would appear from the evidence that several parties may have been jointly in the possession of the still, the possession of which is here involved.

[3] The fact that there had been corn recently shucked in the field adjoining the still place, at which there were fresh tracks made by defendant, and corn of similar kind was found in the beer at the still, where were also tracks of defendant, was a circumstance tending to connect defendant with a dominion over the premises and the still as there located. Morrow v. State, 19 Ala. App. 212, 97 So. 106.

[4, 5] The presence of defendant at the still place during the time covered by the prosecution was a pertinent inquiry, and any evidence tending to prove this fact was relevant. Therefore, when it had been shown that a peculiar track, admittedly the track of the defendant, when seen in the field leading from defendant's house to the edge of the swamp, was also seen at the still place, and defendant had been seen going into the still place from the field, the evidence of the track and the description thereof was properly admitted.

[6, 7] It is here insisted that reversible error was committed by the court in ordering the sheriff to take charge of a defendant's witness (then testifying) who was in contempt of court. No exception was reserved to this

on the trial, and if there had been, we would hold that, in matters of this character, trial courts are vested with a wide discretion, not to be interfered with, except in cases of clear abuse of power.

[8] The excerpt from the oral charge of the court referred to in appellant's brief does not appear in the bill of exceptions and cannot be reviewed.

We find no error in the record, and the judgment is affirmed.

Affirmed.