## 27141. BENTON v. THE STATE.

GUERRY, J. 1. In a robbery prosecution, where the solicitor-general stated to the court that he had been entrapped by the witness then on the stand, and requested and was granted leave to cross-examine her, the action of the judge in thereafter asking the witness, during such examination, if she realized she was under oath, did not per se amount to an expression or intimation of opinion within the meaning of the Code, § 81-1104; and where it appears that the examination continued, and the testimony of the witness was neither favorable nor unfavorable to the State or the accused, a new trial will not be granted. Furthermore, the ground complaining of this action on the part of the trial judge is defective in that it does not affirmatively appear that the question, as propounded, was in the hearing of the jury.

2. As a general rule, direction by the court, in the presence of the jury, that a witness who has testified on behalf of the defendant, or a witness for the State who has refused to testify to matters prejudicial to the defendant, be arrested for perjury, constitutes reversible error in that it is a comment upon or expression of opinion as to the credibility of such witness, and as to the guilt of the defendant, expressly prohibited by the Code, § 81-1104. *Burke* v. *State*, 66 *Ga.* 157; State *v.* Primmer, 69 Wash. 400 (125 Pac. 158); Golden *v.* State, 75 Miss. 130 (21 So. 971); Lile *v.* State, 186 Ark. 483 (54 S. W. 2d, 293); Crosby *v.* State, 154 Ark. 20 (241 S. W. 380); Talliaferro *v.* State, 20 Okla. Cr. 57 (200 Pac. 1068); State *v.* Swink, 151 N. C. 726 (66 S. E. 448); Caruth *v.* State, 77 Tex. Crim. 150 (177 S. W. 973). Compare *Dodgen* v. *State*, 41 *Ga. App.* 459 (153 S. E. 382). However, a distinction must be drawn between cases of the above character and cases where the witness is ordered into custody because of persistent refusal to answer and evasion of questions propounded. The trial judge is given a wide discretion in dealing with and controlling witnesses and in adjudging them in contempt (Code, §§ 24-104(4), 24-105), and as a general rule his action in placing a refractory witness under arrest for refusal to respond to questions propounded does not amount to an expression or intimation of opinion prohibited by Code § 81-1104. See Loan *v.* State, 69 Tex. Crim. 221 (153 S. W. 305); State *v.* Dalton, 43 Wash. 278 (86 Pac. 590); Grissett *v.* State, 20 Ala. App. 601 (104 S. E. 845).

3. It is not a ground of motion for new trial that the judge, out of the presence of the jury, ordered that a witness for the State, who had failed to testify to facts unfavorable to the defendant, be held for the grand jury on a charge of perjury, it not appearing that the jury had any knowledge of such fact. See *Robson* v. *State*, 83 *Ga.* 166 (9 S. E. 610).

4. While a judge should not attempt to intimidate a witness to testify in behalf of the State, either in or out of the presence of the jury (and we do not mean to rule or intimate that the statement of the learned judge to the witness out of the presence of the jury, or certain questions propounded to her by him, amounted to or was an effort to so intimidate the witness), yet where it appears that thereafter the witness was fur-

634

ther examined and failed to testify to any fact material to the State to which she had not theretofore testified, the action of the judge furnishes no reason for the grant of a new trial.

5. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 3, 1938.

*Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

