## BLAINE v. UNITED STATES.

### No. 8474.

United States Court of Appeals for the District of Columbia.

Argued June 2, 1943.

Decided June 22, 1943.

Mr. Harry T. Whelan, of Washington, D. C., with whom Mr. Albert F. Graham, of Washington, D. C., was on the brief, for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John P. Burke, Assistant United States Attorney, both of Washington, D. C., were on the brief, for

appellee. Mr. George E. McNeil, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellant was tried in the District Court and convicted of assault with the intent to commit rape. On this appeal the single assignment of error is that he was deprived of a fair and impartial trial because he was brought into the presence of the jury on the second day of the trial while handcuffed to a deputy marshal.

Appellant was on bail when the trial began and when his case was called came forward and took his seat with his counsel at the trial table. At the conclusion of the first day of the trial, and after the jury had been excused, his surety surrendered him and he was taken into custody. The following morning he was brought into the courtroom in the sight of the jury manacled to the marshal. After a few words from the Clerk the manacles were removed. Counsel claims that because this was done in the presence of the jury they must have believed that appellant had either attempted to escape or committed another offence and that such belief prejudiced his case and deprived him of a fair and impartial trial.

In a criminal trial the right of the accused to appear before the jury without manacles has always been acknowledged and ought not to be denied except where the character of the accused and the danger of escape or disorder make a different course necessary.

We cannot, however, find that what happened here was prejudicial. The shackles were immediately removed at the suggestion of the Clerk. The incident was momentary. It occurred before the judge ascended the bench and was not witnessed by him. Counsel for the accused, who had the opportunity to request the judge to explain the incident to the jury, did not consider it of sufficient importance to make such a request. To justify a new trial the error must appear to us to have seriously affected the fairness of the judicial proceeding. We think it did not here.

Judgment affirmed.