## STATE OF HAWAII *v.* DAVIS T. BROOKS.

### No. 4112.

FEBRUARY 4, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

OPINION OF THE COURT BY TSUKIYAMA, C. J.

Upon indictment for the crime of first degree robbery, defendant was tried before a jury. Briefly, defendant and two others were charged with committing robbery at the Aiea Super Market. Severance was allowed by the trial court and defendant was given a separate trial. He was convicted of robbery in the second degree and sentenced to serve in Oahu Prison for a term not to exceed 20 years, the sentence to run concurrently with any sentence which he was then serving. The case is now before this court on writ of error.

Defendant (plaintiff in error) assigns as error the refusal by the trial court to grant his motion for mistrial interposed at the outset of the trial. It appears from the record that shortly before the commencement of the voir dire examination of the jurors, defendant's counsel moved for mistrial on the alleged ground that defendant was

brought into the courtroom handcuffed and accompanied by a prison guard with other prisoners in prison uniform. The record does not disclose such alleged fact, nor does it show that the jury was examined or any instruction requested or given in that regard. The alleged incident appears only in the statement of defendant's counsel in support of his motion, and there is nothing in the record to indicate to this court that the trial judge or any of the jurors had observed the incident when defendant was first brought into the courtroom or at any time thereafter.

An examination of the authorities indicates that there have been numerous instances when a similar handcuffing issue was made the subject of appellate review. Generally, the practice of bringing an accused handcuffed into a courtroom where he is to be tried by a jury is not sanctioned. An exception is made, however, when the trial court, in its discretion, permits it in order to prevent escape or violence. The cases have all proceeded upon the universally accepted premise that the accused is presumed to be innocent and must be accorded every safeguard to insure a fair and impartial trial. Although different judicial conclusions have been reached, depending upon the factual circumstances peculiar to each case, the authorities, by a great preponderance, are in harmony on the rule that the accused, in the sound discretion of the trial court, may be brought into a courtroom manacled and that there is no reversible error in the absence of a showing that the court clearly abused its discretion or that the defendant was actually prejudiced before the jury. 23 C.J.S., *Criminal Law*, § 977, p. 312; 14 Am. Jur., *Criminal Law*, § 132, p. 855. In the case of *Blaine* v. *United States*, 78 U.S. App. D.C. 64, 136 F. 2d 284, the defendant was brought into the courtroom manacled. Holding that there was no error, the appellate court said: "We cannot, however, find that what happened here was prejudicial. The

shackles were immediately removed at the suggestion of the Clerk. The incident was momentary. It occurred before the judge ascended the bench and was not witnessed by him. Counsel for the accused, who had the opportunity to request the judge to explain the incident to the jury, did not consider it of sufficient importance to make such a request. To justify a new trial the error must appear to us to have seriously affected the fairness of the judicial proceedings. We think it did not here."

The case of *Schultz* v. *State*, 131 Fla. 757, 179 So. 764, is principally relied upon by defendant in support of his contention. In that case, the defendant moved for continuance, alleging that he was brought into open court dressed in a convict's garb and in chains. The motion having been denied, the case proceeded and the defendant was convicted. Although the appellate court expressed its disapproval of the practice, it did not reverse the conviction on that ground but on the ground that the evidence in the case was insufficient to convict. Referring to the particular occurrence, the court commented that the practice was highly improper when such condition was shown by the record to have obtained, but observed that there was nothing in the record to show that the condition existed. Significant, however, is the fact that the court in that case pointed out, as we do in the instant case, that "motions are not self-proving." To the same effect is *McPherson* v. *State*, 178 Ind. 503, 99 N.E. 984.

Defendant contends that in the case at bar, no order was issued by the trial court permitting the use of shackles, that no necessity for the exercise of such discretion by the court was shown, and further that there was no showing that the court deemed it necessary for defendant to be brought into the courtroom manacled and accompanied by a guard with other prisoners. Such contention may have a bearing, if it is shown by the evidence that the trial judge or any of the jurors was aware of the fact that de-

fendant was sitting in the courtroom handcuffed when the proceedings commenced. The record, however, is entirely devoid of any evidence in that regard. Counsel's statement to the court of the ground for the motion is not self-proving as to the facts required to substantiate such ground. Admittedly, defendant did not refer to the circumstance in the examination of the jury, nor did he request an instruction on the point. In the absence of a clear showing that defendant was prejudiced or that discretion was abused by the trial court, denial of the motion for mistrial cannot be charged as reversible error. The following are a few of the plethora of cases in point: *Lias* v. *United States,* 51 F. 2d 215 (4th Cir. 1931), aff'd 284 U.S. 604; *Seadlund* v. *United States,* 97 F. 2d 742 (7th Cir. 1930) ; *Sefton* v. *State,* 72 Nev. 106, 295 P. 2d 385, cert. denied 352 U.S. 954; *Marion* v. *Commonwealth,* 269 Ky. 729, 108 S.W. 2d 721; *State* v. *Boone,* 355 Mo. 550, 196 S.W. 2d 794; *State* v. *Long,* 195 Ore. 81, 244 P. 2d 1033. Upon the record in the case at bar, this court cannot indulge a presumption that the jury was or might have been prejudiced. The assignment, therefore, must be rejected.

Defendant's second assignment of error relates to the trial court's alleged comments during the examination of John Torres, a witness called by the prosecution, and the ultimate finding, in the presence of the jury, that said witness was in contempt of court. It is urged that the court's action was highly prejudicial to defendant. We do not view the occurrence in that light. We have examined the questions and answers and can reach no other conclusion than that all the trial judge did was to exhort a reluctant, recalcitrant and hostile witness to truthfully tell what he knew or remembered in answering questions put to him. His comments did not indicate any opinion as to the guilt or innocence of defendant or as to the credibility of the witness. We find nothing prejudicial to defendant in the

judge's questions, comments, and conduct and in his ruling that the witness was guilty of contempt. The following riposte by Torres clearly illustrates the reason for the trial court's repeated admonition of the witness: "I refuse to answer all questions. If you keep me all night here I still say no, no. I refuse. That is my right. I refuse to answer all questions."

It is elementary that a trial court has discretion to question a witness to elicit facts for the clarification of evidence so long as it is done in a fair and impartial manner. *Territory* v. *Hall,* 39 Haw. 397; *Territory* v. *Kekipi,* 24 Haw. 500. It is also well established that a trial court may, in the exercise of its duty to control all proceedings during a trial, proceed against and punish a witness for contempt in the presence of the jury, when the witness wilfully and persistently refuses to answer and evades legitimate questions propounded. In *Loan* v. *State,* 69 Tex. Cr. R. 221, 153 S.W. 305, the court, in the presence of the jury, sent a witness to jail for evading questions asked. The defendant contended that this was prejudicial and assigned it as reversible error. The appellate court disagreed and said, inter alia: "The record in this case discloses that the witness was wilfully evading answering questions as to the facts * * * and under such circumstances we think the court is authorized to punish as for contempt if the witness does not answer the questions. We are not saying how he shall answer the questions, and neither was the trial court in this instance. If the facts justified, he could answer them in a way that would result in an acquittal. This the court did not seek to control. Courts are organized to develop the real truth in each case, and the trial courts must exercise sufficient authority to compel witnesses to testify, and, while not to indicate the opinion of the court as to the guilt or innocence of an accused person, yet the mere assessment of

punishment, and instructing the sheriff to keep the witness in jail until he will answer questions propounded to him, cannot be held to be injurious to a defendant." *State v. Dalton,* 43 Wash. 278, 86 Pac. 590; *Grissett v. State,* 20 Ala. App. 601, 104 So. 845; *Benton v. State,* 58 Ga. App. 633, 199 S.E. 561; *State v. Proud,* 74 Idaho 429, 262 P. 2d 1016; *United States v. Stayback,* 212 F. 2d 313 (3rd Cir. 1954).

Although glossed over by defendant in his briefs and oral argument, he further points out that defendant was prejudiced in that Torres was required to testify without caution as to his alleged constitutional right against self-incrimination. The point raised is not tenable. The record shows that he was already serving sentence in Oahu Prison upon conviction of the crime pertaining to which he was being questioned, and was advised by the trial court that he was no longer subject to prosecution for such crime. *In re Anin,* 17 Haw. 338; 98 C.J.S., *Witnesses,* § 437, p. 253 et seq. The prosecution had a right to put Torres on the stand as its own witness and defendant cannot complain that requiring the witness to proceed with his testimony was prejudicial. We, therefore, hold that there was no error prejudicial to defendant.

We come now to defendant's third assignment of error. It is contended that the trial court erred in refusing to allow defendant to cross-examine John Torres, a prosecution witness. The record shows that when the prosecution asked leave of the trial court to withdraw Torres as witness, after partial direct examination, the following occurred:

"Mr. Fong: Your Honor, may I withdraw this witness and ask leave of court to recall him at a later time at this particular point.

"Mr. Hashimoto: Before the witness leaves, your Honor, he is being subject to being recalled, as I

understand it, and subject to my right of cross-examination of his testimony thus far given."
Subsequently, after further proceedings, when the prosecution rested without recalling the witness, defendant called the trial court's attention to the fact that he had not had the opportunity to cross-examine Torres and Pedro Pagan, another witness. The following transcription shows what ensued:

"THE COURT (To Mr. Hashimoto): Do you want to cross-examine them as witnesses. They are both available in the corridor.

"MR. HASHIMOTO: Yes, I realize that, your Honor."

The record does not show that defendant pursued this point any further. No motion, no objection, no ruling and no exception was made or taken, nor did defendant call the witnesses in question for cross-examination. The right to cross-examine a witness is fundamental and accepted as a right basic to our judicial system. When, however, a party fails to avail himself of the opportunity to cross-examine, he thereby forfeits such right.

In the case of *Acree* v. *State,* 153 Fla. 561, 15 So. 2d 262, cited by defendant, the court rejected the contention that the trial court erred in permitting a prosecution witness to leave the witness stand allegedly before full cross-examination, on the ground that the record failed to show that the defendant, prior to the retirement of the witness, requested or made known to the trial court his desire or intention to further cross-examine the witness. Defendant urges that the record in the instant case does show that his desire and intention were indicated to the trial court. True, defendant, at the time Torres was withdrawn, stated to the court that it was his understanding that the witness was being withdrawn by the prosecution, subject to his right of cross-examination. The transcribed colloquy, *supra,* between the trial judge and counsel, however, con-

clusively shows that defendant was given the opportunity to cross-examine. Failure to proceed must be construed as an abandonment by defendant of his earlier desire or intention to cross-examine. He cannot now be heard to contend, as he does in his briefs, that the trial court "refused" to permit cross-examination. The assignment of error is, therefore, without merit.

The remaining two assignments merely cover and summarize the issues raised in the earlier assignments. For the reasons set forth above, we hold that there was no error in the trial court's denial of defendant's motion for a new trial, nor was defendant denied a fair and impartial trial or deprived of due process of law. There was ample evidence to sustain the verdict and this court cannot disturb the jury's conclusion predicated upon their findings of fact.

The judgment appealed from is affirmed.

*Sidney I. Hashimoto* for defendant-plaintiff in error.

*John H. Peters*, Public Prosecutor, and *Arthur S. K. Fong*, Assistant Prosecutor, City and County of Honolulu, for plaintiff-defendant in error.