Theodore WAY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6562.

United States Court of Appeals
Tenth Circuit.

Dec. 27, 1960.

See also 268 F.2d 785; 276 F.2d 912.

William E. Shade, Denver, Colo., for appellant.

Charles M. Stoddard, Asst. U. S. Atty., for the District of Colorado, Denver, Colo. (Donald G. Brotzman, U. S. Atty., for the District of Colorado, Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

Appellant was found guilty of conspiring with others to unlawfully and burglariously break and enter a named bank, the deposits of which were insured by Federal Deposit Insurance Corporation, for the purpose of stealing money of the bank in excess of $100; for the purpose of carrying away money of the bank in excess of $100; and for the purpose of receiving, possessing, concealing, storing, bartering, selling, and disposing of money of the bank in excess of $100, knowing it to have been stolen. He was sentenced to imprisonment, and the cause came here on appeal.

The judgment is challenged on the ground that perjured evidence was adduced before the grand jury which re-

turned the indictment. Two persons named in the indictment as co-conspirators but not named as defendants testified at the trial. Both testified that they were witnesses before the grand jury. One testified that he gave perjured testimony before the grand jury. The other did not testify that his testimony before the grand jury was untrue. It may be that an indictment is not open to challenge upon the ground that perjured testimony was adduced before the grand jury. And it may be that if an indictment is open to challenge on that ground, it must be raised by motion, plea in abatement, or otherwise, in advance of trial. But it is unnecessary to explore those questions. It is enough to say that since it affirmatively appears that the grand jury had before it other evidence on which it may have acted in returning the indictment without giving any weight or credence to the perjured evidence, the indictment is not open to challenge on the ground that perjured testimony was given before the grand jury. Anderson v. United States, 8 Cir., 273 F. 20, certiorari denied, 257 U.S. 647, 42 S.Ct. 56, 66 L.Ed. 415; Laska v. United States, 10 Cir., 82 F.2d 672, certiorari denied, 298 U.S. 689, 56 S.Ct. 957, 80 L.Ed. 1407.

■■ Error is predicated upon the action of the court in denying a motion to dismiss the jury panel for the reason that appellant was brought into court handcuffed. It is fairly apparent from the record that without any order from the court, appellant was at one juncture brought into court handcuffed. But it is further fairly apparent from the record that the handcuffs were removed promptly after he entered the court room. It is the general rule that under ordinary circumstances freedom from handcuffs, shackles, or manacles of a defendant during the trial of a criminal case is an important component of a fair and impartial trial. In other words, such procedure should not be permitted except to prevent the escape of the accused, to prevent him from injuring others, and to maintain a quiet and peaceable trial.

Odell v. Hudspeth, 10 Cir., 189 F.2d 300, certiorari denied, 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656. But there is no indication that the occurrence was prejudicial. And in the absence of an indication of prejudicial consequences, such an occurrence does not warrant the granting of a new trial. Blaine v. United States, 78 U.S.App.D.C. 64, 136 F.2d 284.

■ The judgment is challenged on the further ground that the evidence was insufficient to support the verdict. Evidence was adduced which tended to show that sometime prior to the conspiracy appellant had rendered janitorial service for the bank; that he was familiar with the building and the location of the furnishings and equipment therein; that he discussed with others the matter of burglarizing and robbing the bank; that he drew a diagram of the building; that he explained how the building could be entered through the roof at a certain place; that he told others the best time to commit the offense would be over the weekend; that he went with others to the bank to burglarize it but they were prevented from doing so by the arrival of a janitor service vehicle; and that the burglary and robbery occurred later. The evidence was sufficient to support the verdict.

■ There was no evidence tending to show that appellant was present at the burglary and robbery or participated in it. But the evidence tended to show that he took part in forming the conspiracy; that he knew of its existence; and that with such knowledge, he and others did acts or things in furtherance of it. That was sufficient to warrant his conviction upon the charge of conspiring to commit the robbery and burglary. Duke v. United States, 5 Cir., 233 F.2d 897.

Other contentions are urged for reversal of the judgment, but they are without substance and do not merit discussion.

The judgment is affirmed.