THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ LUIS LÓPEZ VARELA, Defendant and Appellant.

No. CR-64-360.     Decided May 13, 1965.

*Víctor Tirado Saltares* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was accused together with another person of an attempt to commit robbery consisting in

that on April 13, 1963 he entered into Mrs. Ana Rosario Torres' residence, in Hato Rey and by means of force, violence, threats, and intimidation he attempted to steal personal property from said lady, in her immediate presence and against her will. The case having been heard before a jury, the latter found him guilty of the offense charged.

In this appeal appellant maintains that the trial court deprived him of a fair and impartial trial in denying the removal of the case to another court. The contention is based on an incident which occurred some five days prior to the trial, on which date the hearing of the case had been originally set. When defendant-appellant, who was in bail, was waiting for his case to be called some detectives entered the courtroom and handcuffed defendant in order to execute a warrant of arrest issued by the district court. Aware of that situation, his attorney spoke privately with the judge who was going to preside the trial and requested him to remove the case to another court, which the judge denied. The hearing of the case, however, was not held on that day, but five days later. At the trial appellant made no contention concerning the handcuffs.[1] After having been found guilty by the jury, appellant moved for a new trial based on the aforementioned incident. At the hearing of the motion for a new trial evidence was received. Appellant, his counsel, and some of appellant's relatives told the story of the handcuffs. Moreover, six of the members of the jury who sat at his trial testified also as witnesses for the defendant, and their testimony was to the effect that none of them became aware of the incident about the handcuffing of said defendant.

■ The motion for a new trial was denied. The trial court did not err. In the record there is complete absence of a showing that the incident of the handcuffs had caused

---

[1] See *People* v. *Montalvo*, 83 P.R.R. 700 (1961); *People* v. *Vázquez*, 75 P.R.R. 22 (1953).

substantial prejudice to the defendant. See *People* v. *Rodríguez*, 85 P.R.R. 448 (1962). As there was no evidence that the members of the jury who sat at defendant's trial were informed of the incident of the handcuffing of said defendant, from that bare fact, which undoubtedly occurred, it cannot be inferred either that his right for a fair and impartial trial was impaired. See *State of Hawaii* v. *Davis T. Brooks*, 352 P.2d 611; *Schultz* v. *State*, 179 So. 764; *Blaine* v. *United States*, 136 F.2d 284.

Appellant also contends that the evidence does not establish his guilt beyond a reasonable doubt.

■ He is wrong. The evidence of the People, the only one presented at the trial, established that on April 13, 1963, appellant and other persons entered into the residence of Mrs. Ana Rosario Torres, located at the top floor of house 15, at Quisqueya Street, in Hato Rey, all of them pretending to be detectives carrying out an investigation. Once inside the residence, they tried to muzzle Mrs. Rosario by force after attacking her and trapping her minor daughter against the wall, the only persons who were in the house at that moment. The thieves searched the different rooms of the house, opening the drawers of the furniture, etc. When a neighbor screamed, the thieves fled. As to appellant's participation in the commission of the offense, Ana Mercedes Torres, the girl 8 years old, testified:

"Prosecuting Attorney:

You are right. Do you want to tell these ladies and gentlemen of the jury who are here what happened concerning this young man, if something happened in relation to this young man who is here?

A.—Well, the day my home was assaulted, when they had trapped my mother, he searched the drawers with the others.

Q.—You saw him searching, or did you imagine it?

A.—I saw them searching.

Q.—Them, and this one in particular, did you see him?

A.—Yes, sir.

Q.—You saw him. And you say that . . ., and did something happen to you?

A.—No, sir.

Q.—Hum?

A.—No, sir.

Q.—Did you move peacefully around the house?

A.—Oh, no, they had me trapped against a wall.

Q.—Who?

A.—A man who has not yet been caught.

Q.—Well, that is all, Your Honor." (Tr. Ev. pp. 30 and 31.)

Appellant was undoubtedly coauthor of an attempt to commit robbery. He arrived at the residence where the assault was committed together with the other assailants and although he did not attack Mrs. Rosario nor her daughter, he participated actively in the search for committing the robbery. Indeed this contention is entirely frivolous.

Judgment appealed from will be affirmed.