145 P.3d 735

**STATE of Hawai'i, Plaintiff–Appellee,**

**v.**

**Douglas RANDLES, aka Keola,
Defendant–Appellant.**

**No. 27087.**

Intermediate Court of Appeals of Hawai'i.

June 7, 2006.

Stuart N. Fujioka (Nishioka & Fujioka), on the briefs, Honolulu, for Defendant–Appellant.

1. The Honorable Michael A. Town presided.

2. Hawaii Revised Statutes § 708–836 (Supp. 2005) provides:

(1) A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.

(2) "Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.

(3) It is an affirmative defense to a prosecution under this section that the defendant:

(a) Received authorization to use the vehicle from an agent of the owner where the agent had actual or apparent authority to authorize such use; or

(b) Is a lien holder or legal owner of the propelled vehicle, or an authorized agent of the lien holder or legal owner, engaged in the lawful repossession of the propelled vehicle.

(4) For the purposes of this section, "owner" means the registered owner of the propelled vehicle or the unrecorded owner of the vehicle pending transfer of ownership; provided that if there is no registered owner of the propelled vehicle or unrecorded owner of the vehicle pending transfer of ownership, "owner" means the legal owner.

(5) Unauthorized control of a propelled vehicle is a class C felony.

Ryan Yeh, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by LIM, J.

Douglas Randles, aka Keola (Defendant or Appellant), appeals the January 10, 2005 judgment of the Circuit Court of the First Circuit (circuit court)[1] that convicted him of unauthorized control of a propelled vehicle.[2] Defendant raises two points of error on appeal. First, Defendant contends there was insufficient evidence to convict. Second, Defendant invokes plain error on a claim that he was shackled throughout the jury trial. Neither point deserves favor, so we affirm.

## I.

Defendant contends the evidence was insufficient to show intent or knowledge that his control of the vehicle was unauthorized: "Appellant does not agree with the State's conclusion that defendant knew he had no permission because none was given by the owner." Reply Brief at 1. We disagree with Defendant. *State v. Yabusaki,* 58 Haw. 404, 409, 570 P.2d 844, 847 (1977) ("intent may be proved by circumstantial evidence"); *State v. Palisbo,* 93 Hawai'i 344, 353, 3 P.3d 510, 519 (App.2000) ("the statute requires only proof that the defendant's intentional conduct was to . . . operate the vehicle . . . without having obtained the owner's consent").

Taking the evidence in the light most favorable to the State, and giving full play to

the prerogative of the jury to determine the credibility of the witnesses and the weight of the evidence, we conclude there was substantial evidence to convict. *State v. Vinuya,* 96 Hawai'i 472, 481, 32 P.3d 116, 125 (App.2001). The owner testified that he called the police and reported his truck missing on August 30, 2003. The owner confirmed that he did not give anyone permission to drive it. He did not know, nor give such permission to, Defendant. The arresting officer testified that he stopped the truck on September 3, 2003, after the computer in his patrol car indicated the truck was stolen. Defendant and two women were passengers. Another male was the driver. One of the women testified, however, that she saw Defendant drive the truck earlier that day.

## II.

■ For his other point of error on appeal, Defendant urges us to notice plain error because, he claims, "it is uncontroverted that defendant was shackled throughout trial[.]" Opening Brief at 8–9. Nowhere in the record is leg shackling mentioned, except in a declaration by Defendant's ex-wife, filed by defense counsel the day after Defendant's sentencing: "I attended trial proceedings in this matter on August 9, 10 and 11, 2004. Throughout the trial, defendant remained in leg shackles. I was able to make this observation from my seat in the courtroom." (Enumeration omitted; format modified.) This point lacks merit:

> Such contention may have a bearing, if it is shown by the evidence that the trial judge or any of the jurors was aware of the fact that defendant was sitting in the courtroom handcuffed when the proceedings commenced. The record, however, is entirely devoid of any evidence in that regard. Counsel's statement to the court of the ground for the motion is not self-proving as to the facts required to substantiate such ground. Admittedly, defendant did not refer to the circumstance in the examination of the jury, nor did he request an instruction on the point. In the absence of a clear showing that defendant was prejudiced or that discretion was abused by the trial court, denial of the motion for mistrial cannot be charged as reversible error.... Upon the record in the case at bar, this court cannot indulge a presumption that the jury was or might have been prejudiced. The assignment, therefore, must be rejected.

*State v. Brooks,* 44 Haw. 82, 85–86, 352 P.2d 611, 614 (1960) (internal citations omitted).

■ Even assuming, *arguendo,* that Defendant was indeed shackled throughout the trial and the judge and jury were aware of it, Defendant did not raise—in fact, no one mentioned—it below, and thus the matter was waived. "The general rule is that a reviewing court will not consider issues not raised before the trial court." *State v. Corpuz,* 3 Haw.App. 206, 211, 646 P.2d 976, 980 (1982).

■ Where the allegation of shackling was first mentioned in a declaration by Defendant's ex-wife, which was filed by defense counsel the day after sentencing without accompanying objection, motion or request, nor any other appurtenance bringing purported error to the attention of the circuit court, we are not inclined to notice plain error. "This court's power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system—that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." *State v. Kelekolio,* 74 Haw. 479, 515, 849 P.2d 58, 74–75 (1993) (citation omitted). "This court will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." *State v. Vanstory,* 91 Hawai'i 33, 42, 979 P.2d 1059, 1068 (1999) (brackets, citation and internal quotation marks omitted).

## III.

Accordingly, the circuit court's January 10, 2005 judgment is affirmed.