STATE v. V. A. TETU.[1]

June 22, 1906.

Nos. 14,751—(30).

**Sale of Cream.**

    The defendant was convicted of a violation of section 9, c. 155, p. 218, Laws 1903, forbidding the sale of any cream that contains less than twenty per cent. of fat. *Held:*

    1. That the statute violates neither the constitution of this state nor the

[1]Reported in 107 N. W. 953; 108 N. W. 470.

fourteenth amendment of the constitution of the United States. State v. Crescent Creamery Co., 83 Minn. 284, followed.

2. The fact that a manufacturer of condensed milk adopted as a trade-name, before the enactment of the statute, the term "Evaporated Cream" to designate his product, does not give him the right to sell such product as cream, evaporated or otherwise.

3. The conviction of the defendant is sustained by the evidence.

July 27, 1906.

### Criminal Appeal—Taxation of Costs.

Neither costs nor disbursements can be taxed either for or against the state in the supreme court on appeal in a criminal case.

Appeal by defendant from an order of the municipal court of St. Paul, Finehout, J., denying a motion for a new trial, after a trial and conviction of the offense set forth in the opinion. Affirmed.

*Thos. J. McDermott, G. S. Ives,* and *J. P. Strueber,* for appellant.

*T. R. Kane* and *O. H. O'Neill,* for the State.

START, C. J.

The defendant was found guilty in the municipal court of the city of St. Paul of the offense of selling as cream one can of cream which contained less than twenty per cent. of butter fat and was adjudged to pay a fine of $25 as a punishment for such offense. He appealed from an order denying his motion for a new trial.

1. The first assignment of error to be considered is that the statute under which the defendant was convicted is void because it is in violation of section 7, article 1, of the constitution of the state of Minnesota, and also the fourteenth amendment of the constitution of the United States, in that it deprives the defendant of his property without due process of law. The statute here in question is section 9, c. 155, p. 218, Laws 1903, which reads as follows:

> No person, firm or corporation shall sell or offer for sale, or have in his possession with intent to sell any cream taken from impure, unwholesome, or diseased milk or cream that contains less than twenty per centum of fat.

It conclusively appears from the record of this cause that at the time and place alleged in the complaint the defendant sold to the com-

plaining witness a can of evaporated cream, so called, which contained only 8.4 per centum of butter fat, and was in fact simply condensed milk, and further that the substance so sold was a pure article and a wholesome food. The contention of the defendant is to the effect that the substance sold by him being a pure article and wholesome food, it was lawfully his property and he had the constitutional right to sell it by the name of "Evaporated Cream," the alleged trade-name of the manufacturer, whether it contained more or less fat, hence, the statute attempts to deprive him of his property without due process of law.

We had occasion to construe this statute in the case of State v. Crescent Creamery Co., 83 Minn. 284, 86 N. W. 107, 54 L. R. A. 466, 85 Am. St. 464. It was held in the case cited that the statute prohibits the sale as cream of any cream which does not come up to the standard of cream fixed by the statute, and that so construed the statute was constitutional as its purpose was to prevent deception in the sale of cream. We adhere to our former decision and hold that the statute violates neither the constitution of the state of Minnesota, nor the constitution of the United States.

2. It appears from the evidence in this case that the article sold by the defendant was shipped to him for the purpose of sale by the Helvetia Milk Condensing Company, a corporation, and that the term "Evaporated Cream" is the trade-name of the corporation for its product of condensed milk, concentrated to a creamy consistence by evaporation, and used by it in disposing of its condensed milk. Under these circumstances, the defendant claims in effect that the corporation had acquired a right of property in this designation of its condensed milk as "Evaporated Cream." It is quite obvious that a party cannot sell condensed milk of the consistence of cream for cream because he has given his milk the trade-name of "Cream" qualified by some catching adjective. Otherwise all that it would be necessary for a party to do, who desired to sell cream which is below the standard fixed by the statute to evade the statute, would be to adopt as a trade-name the word "Cream," qualified by some attractive adjective; for example, "Separator Cream," "Sterilized Cream," "Clover Cream," "Condensed Cream." We accordingly hold that the manufacturer's alleged trade-name is no protection to the defendant in this case.

98 M.—23

3. The defendant also urges that the finding of the trial court that he was guilty of the offense with which he was charged is not sustained by the evidence. In addition to the facts found in reference to the sale of the can of so-called evaporated cream, which we have already stated, the evidence further shows that the purchaser was never informed that the can did not contain cream, but the evidence also shows that the can bore a printed label, in the center of which and near the top were the words "Highland Brand," and near the bottom the words "Evaporated Cream" in large letters; then in large, but relatively much smaller, type were the detached words, "A Pure—Unsweetened—Condensed Milk," in a circle. On the right end of the label were printed directions for using the evaporated cream; the term being twice repeated. On the left of the label, and near the top, the words "This Evaporated Cream" appeared in a line by themselves in large letters. Then followed a blank space, which would take two lines of ordinary type to fill. Then followed, in very much smaller type, the words:

> Is unsweetened and simply cows' milk of the best quality, concentrated to a creamy consistence by evaporation in vacuo and thoroughly sterilized.

This was followed by commendations of the article. It is difficult to describe this label, but it needs only to be seen to be appreciated. The contention of the defendant is to the effect that the label conclusively shows that the article was not sold as cream, and that the purchaser must have so understood the matter. The label is well calculated by its form and its words and their arrangement to convey the impression to the purchaser that cream is the article he is buying and to deceive him. No information to the contrary was given to the purchaser in this case.

The evidence is sufficient to sustain the finding of the trial court that the article was sold as cream. The offered evidence by the defendant of printed matter as to "Evaporated Cream," what it was, and how produced, was correctly excluded by the trial court. There was no offer to connect the purchaser with such matter.

Order affirmed.

On July 27, 1906, on an appeal by defendant from the clerk's taxation of costs, the following opinion was filed:

PER CURIAM.

This is an appeal from the clerk's taxation of costs in favor of the state in a criminal case.

The only provision for the taxation of costs and disbursements in a criminal case is section 4352, R. L. 1905, which provides that in all criminal actions upon the conviction of the defendant he may be adjudged as a part of the sentence to pay the whole or any part of the disbursements of the prosecution. This applies only to criminal cases in the district court. There is no statute providing for the taxation of costs and disbursements in the supreme court in a criminal case proper either for or against the state. Costs are a creature of the statute; therefore the taxation of costs in this case in favor of the state was error.