James C. Crane, J.
Oral application having been made by the District Attorney for an order directing that the defendant Henry Bryant be handcuffed during the trial of said defendant in the presence of a jury on an indictment containing 11 counts, charging the defendants with the commission of the crimes of assault first and second degree, burglary first and second degree, robbery first and second degree, grand larceny first and second degree, and conspiracy, and the court having directed on such application that a hearing be held and proof submitted in support of said application, and after taking testimony under oath in open court, I now find and decide as follows:
In approaching the problem presented, grave consideration has been given by this court to the protecting of the constitutional rights of both defendants to a fair trial, and to the freedom from restraint of the defendant Bryant.
I have made a careful study of the law and the cases submitted to me by the District Attorney and defense counsel, and the provisions of section 10 of the Code of Criminal Procedure.
However, while the courts in general in this country, and the common-law rule, frown upon and condemn the practice of shackling a defendant in a criminal trial, with or without a jury present, nevertheless the courts have begun to recognize that in a proper case, and in the reasonable and sound discretion of the trial court such restraint may be ordered.
Thus, the question, for this exercise of reasonable discretion by the court in the instant case is of paramount importance, and makes it incumbent upon this court to state its reasons for its action in the premises.
In People v. Mendola (1 A D 2d 413, revd. 2 N Y 2d 270), the court laid down some indicia as to what might be a proper case for the exercise of this discretion. The court stated (p. 415): “ There are cases (De Wolf v. State, 95 Okla. Cr. 287; People v. Kimball, 5 Cal. 2d 608) in which the trial court, in the exercise of a reasonable discretion, has properly ordered the defendant tried in manacles. But in each of those cases there was some imperative reason for the practice, and the necessity thereof was made to appear upon the record, frequently by the taking of testimony. The conduct of a criminal trial with the accused in manacles is highly unusual. Before a trial judge permits *448 such a thing to be done, the necessity therefor should be shown clearly.”
There are other references in People v. Mendola (supra), such as ‘ ‘ unless in exceptional cases where there is evident danger of his escape or in order to protect others from an attack by the prisoner ” (p. 414); and at page 415 “except in cases where the circumstances show real danger of escape ”; and thus at page 416, “ However, in the defendant’s participation in the escape there was nothing particularly violent or which, standing alone and without outside considerations, should have caused him to be shackled.”
A review of the action taken in the present application by the trial court shows that the procedure followed coincides with the foregoing reasoning, and the conclusions reached by this court are supported and sustained by the testimony. The application of the District Attorney and the hearing or trial of the questions presented were made without the presence of the prospective jurors or jurors called for service at this January Term of the court, and opportunity afforded the defendants and their counsel to protect the rights of the defendants and to be heard on the application.
A hearing in the nature of a trial was held in open court, witnesses were sworn and testimony taken by the court. Witnesses were cross-examined by either or both of defense counsel, and the defendants and their counsel were advised by the court of their right to submit such evidence or proof as they might desire.
The proof submitted and the testimony given clearly indicates that there are imperative reasons for the action requested by the District Attorney.
The acts and conduct of the defendant, Bryant, on prior occasions while in custody, his attempts to escape, the violent means employed by him in such attempts, his utter disregard of the lives and safety of the public by discharging a firearm in a public conveyance and the shooting of a peace officer on said conveyance, leads the court to the inescapable conclusion that there is reasonable ground for apprehension and evident danger of escape.
Therefore, in order to protect others from an attack by the prisoner, and for the protection of the defendant himself from the consequences of a rash act on his part, the motion of the District Attorney is granted, and the Commissioner of the Department of Correction and its officers are directed to handcuff the defendant Bryant during the trial of this case and in all of his appearances before this court. Submit order.