## STATE v. ERNEST COURSOLLE.

97 N. W. (2d) 472.

May 29, 1959—No. 37,448.

*Z. L. Begin, C. C. Crumlett,* and *William M. Sutor,* for appellant.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, and *Robert M. Baker,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of conviction in a criminal case in which defendant was charged in an information with having committed an act of rape upon an 18-year-old woman early in the morning of May 7, 1956. It will serve no useful purpose to set out in detail the sordid contradictory evidence in connection with this case. Suffice it to say at this point that the jury found defendant guilty and he was forthwith sentenced to the State prison at Stillwater.

Defendant has made several claims in connection with his appeal and has listed 148 assignments of error. It would be well-nigh impossible for us to separately refer to that many assignments without making this opinion too voluminous, so for the purpose of our decision we shall consider his claim that he was prejudiced, and his constitutional rights violated, by being exhibited in public at the preliminary examination bound, manacled, and chained, in violation of M. S. A. 631.47, and by his witnesses being handcuffed, manacled, and chained, and exhibited to the jury in that condition during his trial.

It appears from the procedural history in the defendant's brief that the criminal complaint filed May 8, 1956, charged defendant with having committed the crime of rape on May 7, 1956. The defendant was arrested the evening of May 8, 1956, and kept in the county jail at Granite Falls until May 11, when he was removed to the jail at Montevideo because, according to the brief, "the sheriff feared for his safety." On June 11, 1956, a preliminary hearing was held before the municipal judge for Edward McLafferty and the defendant, both men being charged with the same offense. According to the defendant both men were kept handcuffed during that hearing, in plain view of the public, the handcuffs being attached to a chain attached to a belt around the abdomen.

The state in its brief contends that this does not appear in the evidence and that in any event such claimed fact is not of interest here as this appeal only reviews proceedings in the district court.

Both men were bound over to district court. An information signed by the county attorney was filed September 10, 1956, and defendant pleaded not guilty.

It also appears from appellant's brief that at the opening of the September term of court in 1956 in Yellow Medicine County a motion was made to quash the information because of the violation of defendant's constitutional rights, and a motion was made for a change of venue on the ground that a fair and impartial trial could not be held in that county, both of which motions were denied.

On May 25, 1956, one Paul Collins, also involved in the affairs of May 6 and 7 out of which the rape charges were made against McLafferty and the defendant, pleaded guilty to a charge of rape and

was sentenced to a penal institution. The McLafferty case was tried first, with this defendant as a witness at that trial. Neither Collins nor McLafferty testified at the trial of McLafferty. McLafferty was convicted and the state moved forthwith for the trial of defendant. The latter moved for a continuance to the next term and renewed his motion for a change of venue. His motions were denied and the case was set for trial and a special venire of jurors was called over the objections of defense.

On the day set for the trial and before selection of the jury on September 19, 1956, the defense interposed an objection to the entire panel on the grounds that defendant's rights had been violated in that no Indian had ever been called to serve in Yellow Medicine County on either a petit or grand jury. The trial court granted the motion and the case was set for trial for the spring term of the district court. When the defense asked that bail be set, the county attorney asked that it be set at $50,000, but the court placed it at $10,000 over defendant's objections that it should be only $5,000. On November 30, 1956, a motion was made that the bail be set at $2,000, which motion was denied. On March 18, 1957, an amended information was filed by the county attorney and the trial commenced on March 25, 1957. Persons of Indian descent were represented on the panel of jurors for defendant's trial but were apparently properly excused from serving.

At the time of the trial McLafferty, who was then an inmate of Stillwater State prison, and Collins, an inmate of the reformatory at St. Cloud, were brought in as witnesses on writs of habeas corpus issued by the trial judge at the request of defendant. During the trial, and over the frequent objections of the defense, witnesses McLafferty and Collins, the latter a 17-year-old boy, were kept manacled while in the courtroom. Defendant contends that the court erred in refusing to have the manacles removed from the two witnesses. The state argues that no motion was made or denied. The transcript shows that on the morning of March 27, the third day of the trial, at the opening session, defendant's attorney made the following statement:

"At this time, I want the record to show that the two witnesses are manacled in court, and that this is in violation of the State law that no person shall be exhibited in public manacled, and I demand at this time that the Sheriff immediately remove those manacles and that the jury

be instructed not to be prejudiced by the fact that the Sheriff of this County has violated the State law."

Thereafter the court requested that defendant's counsel show him the state law which he claimed was violated, and after some discussion the court commented, "We can't change the statute." Defendant's counsel then stated to the court:

"May the record show that the two witnesses are now being held in court, bound in manacles, and that they were brought into the presence of the jury in that condition, and that they are still in that condition at the present time. And we take an exception, the defendant takes an exception to that on the basis that it is prejudicial to the rights of the defendant, and in violation of State law, Minnesota Statutes Annotated 631.47."

Section 631.47 provides:

"No person shall be required, as a punishment for crime or the violation of any ordinance or municipal regulation, to labor, with ball and chain attached, upon the streets, parks, or other public works, nor, as a punishment for crime, be held, tied, or bound in public; but such person may be tied or bound for the purpose of taking him to or from jail or prison, or any place used for holding him in custody."

It is our opinion that § 631.47 does not apply under the facts and circumstances here.

Again the next day defendant's counsel made the following statement:

"May the record show that during the entire day yesterday, the two witnesses, Paul Collins and Edward McLafferty, were during the entire day, in the presence of the jury, manacled with a short chain attached to the handcuffs, and this short chain attached to a belt around their bodies just over the hips, so that their hands were close to their private parts and they were unable to wipe their faces, and that they were brought into the court room, and they are now being exhibited in public before the jury in the same condition today."

At that time the county attorney stated for the record that both witnesses were prisoners serving sentences; that the witness McLafferty is a prisoner at Stillwater; that on the day before he was in the court handcuffed, with a belt around him, but that he was under no other

restraint; that he was brought here on a writ of habeas corpus by and on behalf of defendant; and that he was "in court under such restraint as the Sheriff deems necessary and proper, and as the Sheriff was advised by the Warden of Stillwater Prison." The county attorney stated that witness Collins was also brought here under a writ of habeas corpus as defendant's witness; that he was then an inmate of the reformatory at St. Cloud; that on March 27 he was in court handcuffed but under no restraint; and that on March 28 both witnesses "are in court, handcuffed, but under no other form of restraint." He asked that "the record show that the Warden having informed the Sheriff as to restraint to be used, that it was the Deputy Warden of Stillwater Prison." To this statement defendant's attorney objected on the ground that any statement made to the sheriff was an unsworn one.

On oral argument it was the claim of the county attorney that the witnesses McLafferty and Collins, while manacled in court, were seated in a position not in the immediate presence of the jury, and that at the time they were called as witnesses the manacles had been removed. With reference to this the record discloses that the attorney for defendant requested "the Court to inquire of the jury if they have seen the Sheriff removing the handcuffs from the witness, Paul Collins. We claim that the same was done in the presence and view of the jury." The county attorney objected to this as immaterial and the court replied: "I don't think that is anything for the Court to pass upon, * * *."

Under the early common law when a prisoner was brought into court for trial upon his plea of not guilty to an indictment for a criminal offense he was entitled to make his appearance free from all shackles or bonds. This is an existing right in the United States. 14 Am. Jur., Criminal Law, § 132, and cases cited. It is the spirit of the law that a prisoner upon his trial before a jury shall have the unrestrained use of his limbs and must not be compelled to suffer any physical bonds or burdens which might confuse or embarrass his mental faculties. A defendant has the right to have his witnesses unmanacled for the same reason that he is allowed to be unmanacled. The right also extends to the arraignment,[1] the selection of a jury, and all other periods of the

---

[1] It has been held that the mere fact that a prisoner brought before an examining magistrate remains handcuffed during the proceedings and in that

trial. Blair v. Commonwealth, 171 Ky. 319, 188 S. W. 390; 14 Am. Jur., Criminal Law, § 132.

In the conduct of a trial the prosecuting attorney as well as the court has the duty to see that the accused has a fair trial. Minn. Const. art. 1, §§ 6, 7; State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630; State v. Stockton, 181 Minn. 566, 233 N. W. 307. There must be no conduct that will inflame the passion or prejudice of the jury against the accused. State v. Haney, 222 Minn. 124, 23 N. W. (2d) 369.

It is our opinion under the record here that the court should have ordered the manacles removed from defendant's two witnesses. It seems obvious that the appearance of the manacled witnesses in court day after day would create an effect that would be prejudicial to defendant's right to a fair trial. The old adage that "a man is known by the company he keeps" could easily produce an inflammatory situation so far as the jury was concerned as a result of the accused's principal witnesses being handcuffed each day during the trial. After all, the accused, whether guilty or innocent, was entitled to a fair trial and it is the duty of the trial court, the county attorney, and even the sheriff to see that he gets one by preventing any conduct or situations during the trial which prejudice the accused in the minds of the jury. State v. Haney, *supra.*

It is recognized, however, that it is within the discretion of the trial court to have a prisoner shackled when it is manifest that such a precaution is necessary to prevent violence or escape. In exercising its discretion the court must have some reason based on the conduct of the prisoner at the time of the trial to authorize so important a right to be forfeited. In other words, there must be some immediate necessity for the use of the shackles. Blair v. Commonwealth, *supra;* Tunget v. Commonwealth, 303 Ky. 834, 198 S. W. (2d) 785; Marion v. Commonwealth, 269 Ky. 729, 108 S. W. (2d) 721. That rule should also apply to witnesses for the accused brought into court from penal institutions under a writ of habeas corpus.

We cannot find sufficient reason under the record here for keeping defendant's witnesses manacled while in court during his trial. It is our opinion that in the interest of justice and a fair trial these witnesses

condition waives a preliminary examination will not support a plea of abatement. Blair v. Commonwealth, 171 Ky. 319, 188 S. W. 390.

should have been permitted to be in court free from shackles or restraints.

Reversed and new trial granted.

On July 10, 1959, the following opinion was filed:

PER CURIAM.

Subsequent to the filing of the opinion in this case appellant moved this court for an order requiring the County of Yellow Medicine, wherein appellant was convicted, to pay for the cost of printing appellant's brief.

Generally neither costs nor disbursements can be taxed either for or against the state in the supreme court on appeal in a criminal case. State v. Tetu, 98 Minn. 351, 107 N. W. 953, 108 N. W. 470. M. S. A. 611.07 prescribes the situations in which the compensation of counsel and the expense of an appeal sought in good faith and upon reasonable grounds are to be paid by the county in which the defendant was accused. As a prerequisite to the payment of such expenses the statute clearly contemplates that counsel must have been appointed according to the procedure prescribed therein.

The record does not disclose that counsel in the instant case was appointed by the court. Therefore the motion must be denied.