EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS RODRÍGUEZ GARCÍA, acusado y apelante.

*Números:* 16814, 16820. *Resuelto:* 21 de mayo de 1962.

*Juan Mari Bras,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, Rodolfo Cruz Contreras, Procurador General Auxiliar* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Interino, Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El apelante Luis Rodríguez García fue convicto por un jurado del delito de asesinato en primer grado, artículos 199 y 201 del Código Penal, 33 L.P.R.A. secs. 631 y 633, y sentenciado a reclusión perpetua. Igualmente, el tribunal le declaró incurso en una infracción al artículo 4 de la Ley de Armas, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 414 y sentenciado a cumplir cuatro meses de cárcel. Apeló.

1. Estando la vista de las causas señaladas para el día 28 de mayo de 1959, el acusado, una semana antes, presentó una moción en la cual informó que se encontraba detenido en la Cárcel de Distrito de San Juan por no haber podido prestar la fianza exigídale para permanecer en libertad provisional,(1) y solicitó que *a*) se le permitiera comparecer al acto del juicio "con ropa de paisano y sin que en modo alguno se dé la impresión de que está extinguiendo una condena"; *b*) se tomaran las medidas pertinentes para que compareciera "debidamente afeitado y recortado al acto del juicio"; y, *c*) si fuera necesario conducirlo esposado a la sala de sesiones, se ordenara al guardia de penales que "le quite las esposas antes de entrar a sala, de suerte que los miembros del panel del jurado no vean [al] acusado esposado."

---

(1) El Código de Enjuiciamiento Criminal guarda silencio sobre las condiciones en que procede la comparecencia de un confinado ante un tribunal, limitándose a disponer en el artículo 533, 34 L.P.R.A. sec. 1911, que dicha comparecencia podrá obtenerse mediante orden que al efecto se libre por el tribunal.

470

En la misma fecha el tribunal a quo proveyó que "Si el acusado no está extinguiendo alguna condena tráigase en ropa de civiles y debidamente acicalado. Se deniega la moción en todo lo demás."

La vista del caso se suspendió y finalmente se celebró durante los días 10 al 13 de agosto del mismo año. No hay constancia en los autos de que la moción reseñada fuera reproducida en relación con esta vista. Se señala como error la negativa del tribunal contenida en la orden de 21 de mayo transcrita anteriormente. Para ello nos indica el apelante que, aunque de la transcripción de los autos y de la evidencia no aparece que al acusado se le condujera a sala esposado, en presencia del jurado, "debe presumirse" que así fue en vista de la resolución del tribunal respecto de la moción de referencia.

Fundándose en la presunción de inocencia que protege a todo acusado, (²) en su derecho a un juicio justo e imparcial, *State* v. *Brooks*, 352 P.2d 611 (Haw. 1960); *Schultz* v. *State*, 179 So. 764 (Fla. 1938), y en la regla del derecho común al efecto de que un acusado no debe estar sujeto a más restricciones que aquellas que fueren necesarias para asegurar su presencia al acto del proceso criminal, *Blair* v. *Commonwealth*, 188 S.W. 390, 393 (Ky. 1916), se ha sostenido que éste debe comparecer libre de esposas y grilletes, (³) a menos que el tribunal en el ejercicio de su discreción

(²) En un comentario al margen de la opinión emitida en *State* v. *Coursolle*, 97 N.W.2d 472 (Minn. 1959) publicado en 44 Minn. L. Rev. pág. 155 se dice: "Se presume la inocencia del acusado hasta que se establezca lo contrario, pero la presencia en la sala del tribunal de restricciones visibles de la libertad del acusado o sus testigos tienden a alterar la presunción creando un clima de culpabilidad. Aunque es cierto que el fiscal puede impugnar la credibilidad de un testigo en el contrainterrogatorio mediante prueba de convicciones anteriores, el efecto sobre el jurado no es tan dramático como el que provoca un hombre esposado o con grilletes."

(³) La misma regla se aplica en cuanto a testigos del acusado. *State* v. *Coursolle*, supra; Anotación, *Right of accused to have his witnesses free from handcuffs, manacles, shackles, or the like*, 75 A.L.R.2d 762–765 (1961); 44 Minn. L. Rev. 155 (1959); 31 Minn. L. Rev. 374 (1947).

determine que ello es necesario para evitar su fuga o ausencia del juicio, prevenir actos de violencia contra o por el acusado, o lograr que los procedimientos se conduzcan en forma adecuada y pacífica, *Commonwealth* v. *Russell*, 171 A.2d 819, 822 (Pa. 1961) ; *Way* v. *United States*, 285 F.2d 253 (C.A. 10, 1960) ; *State* v. *Johnstone*, 335 S.W.2d 199, 205 (Mo. 1960) ; *Commonwealth* v. *Agiasottelis*, 142 N.E.2d 386 (Mass. 1957) ; *State* v. *Mangum*, 96 S.E.2d 39 (N.C. 1957) ; *State* v. *Coursolle*, 97 N.W.2d 472, 476 (Minn. 1957) ; *Odell* v. *Hudspeth*, 189 F.2d 300 (C.A. 10, 1951), cert. denegado 342 U.S. 873 (1951) ; Wharton's *Criminal Law and Procedure*, (ed. 1957), vol. 5, sec. 2011, pág. 148. Según se dijo en *State* v. *Coursolle*, supra, debe evitarse toda actuación que tienda a despertar prejuicios contra el acusado, y esta libertad de acción—sin grilletes ni esposas—forma parte integrante del juicio justo e imparcial. La mejor práctica es recibir testimonio sobre la necesidad de estas medidas restrictivas y hacer constar en la resolución que se dicte los hechos que justifican su adopción, *People* v. *Mendola*, 140 N.E.2d 353 (N.Y. 1957) ; cfr. *People v. Bryant*, 166 N.Y.S.2d 59 (1957). El tribunal puede considerar también hechos dentro de su particular conocimiento siempre que haga referencia a ellos en la resolución que dicte, como por ejemplo, convicciones anteriores del acusado, intentos de fuga en otras ocasiones, etc., *State* v. *McKay*, 165 P.2d 389 (Nev. 1946). Entre otros factores, pueden también considerarse la naturaleza del delito por el cual se procesa al acusado, su historial penal, y su carácter y reputación, *Blaine* v. *United States*, 136 F.2d 284 (DC DC 1943) . ■

Ahora bien, en ausencia de una demostración clara de que el tribunal ejercitó su discreción erróneamente o que la comparecencia del acusado esposado, o con grilletes, o vistiendo ropas de confinado en una institución penal, le ha causado un perjuicio sustancial, no se dejará sin efecto una convicción por este motivo. Además, el acusado tiene

que ser diligente y llamar la atención del tribunal prontamente para que éste pueda tomar la acción que sea necesaria para borrar la impresión desfavorable que pueda causarle a los miembros del panel general de jurados, o del jurado que entiende en el caso, si éste se ha constituido. *State* v. *Brooks*, 352 P.2d 611 (Haw. 1960); *State* v. *Long*, 244 P.2d 1033 (Ore. 1952); *State* v. *McKay*, 165 P.2d 389 (Nev. 1946); *Eaddy* v. *People*, 174 P.2d 717 (Cal. 1946); *State* v. *Smith*, 8 Pac. 343 (Ore. 1883).

En el presente caso no hay prueba que justifique la conclusión de que el acusado fue conducido esposado en presencia del jurado, y se trata sencillamente de una deducción que hace su abogado en el esfuerzo que realiza para lograr la revocación de la sentencia. Siendo ello así, no podemos revocar la sentencia por meras especulaciones. *Pueblo* v. *Lampón*, 78 D.P.R. 109, 113 (1955); *Pueblo* v. *Arroyo*, 67 D.P.R. 36, 37 (1947). Cfr. *Jaca Hernández* v. *Delgado*, 82 D.P.R. 402, 414 (1961).

2–3. Los errores segundo y tercero se dirigen a impugnar las resoluciones del tribunal de instancia al negarse a decretar un *"mistrial"* con motivo del incidente que relatamos a continuación.

Mientras el fiscal contrainterrogaba al acusado tuvo lugar el siguiente incidente:

"HON. FISCAL: (Al testigo)

P. ¿Usted lo que dice es que estaba lleno de ira, le dio coraje?

R. Pero si me estaba quitando lo mío.

P. ¿No es cierto, Rodríguez, que usted estaba molesto por una bofetada que le había dado Marcelino a usted; a usted le molestó que le diera una bofetada?

R. A mi me dio dos bofetás y se supone que mi papá murió y nunca me dio dos bofetás y se supone que porque a uno que le pidan lo de uno no se le puede pegar.

P. *¿Pero usted ha estado en presidio?*

R. *Yo estuve una vez en presidio.*

P. *¿Usted estuvo en presidio por qué delito?*

R. *Por mutilación.* Estuve una vez y el muerto también estuvo preso.

P. Espérese un momento.

DEFENSA:

Se ha formulado por el Ministerio Público una pregunta importante.

HON. JUEZ:

¿Que es cuál?

DEFENSA:

Que si el acusado estuvo en presidio. Aquí no se ha levantado el 'isue' [sic] de la reputación del acusado. Vamos a solicitar respetuosamente un 'Mistrial' en este acto.

HON. FISCAL:

Para la veracidad. Si ese es un testigo como cualquiera y se le puede preguntar al acusado o al testigo para la veracidad de su declaración sobre la culpabilidad de delitos felonies.

DEFENSA:

Al testigo cualquiera. Al acusado si se pone en 'issue' su reputación es que puede preguntársele.

HON. JUEZ:

Así es.

HON. FISCAL:

Yo le pregunto: '¿Usted ha estado en presidio?', y me dice: 'Yo estuve en presidio y cometí tal delito'.

HON. JUEZ:

¿Hay objeción a eso?

DEFENSA:

Ya está dicho y el Jurado lo escuchó. Insistimos en el planteamiento de 'Mistrial'.

HON. JUEZ:

Señores jurados: Cuando un testigo declara se le puede preguntar si ha ido o no a presidio, se le puede preguntar sobre su mala reputación; pero cuando un acusado declara no se le puede preguntar eso, a no ser que se haya traído antes evidencia de buena reputación. Si se ha traído evidencia de buena reputación del acusado entonces se puede traer evidencia de su mala reputación. Ocurre que la pregunta formulada por el fiscal y contestada por el acusado ha sido objetada, pero cuando ya la pregunta fue hecha y cuando ya la pregunta había sido contestada. Y ni la pregunta ni la contestación, pues, son pertinentes. De suerte y manera, señores jurados, que ustedes deben tener la pregunta por no formulada y la contestación

474

por no hecha. Ustedes deben descartarla en absoluto de sus mentes, en todo y en la forma en que sean ustedes capaces de olvidar, haciendo un esfuerzo que rechace eso al momento de sus deliberaciones y de ponderación de la prueba, e invitándolos a que olviden. Cualquier actuación del fiscal para atacar la veracidad yo les digo a ustedes que por el hecho de que una persona haya ido a presidio, la persona que fuere, no por eso va a decir menos verdad que una que no ha estado. Eso es como un axioma absoluto. Aunque pudiera ser que una que haya ido diga menos verdad que una que no haya ido, o viceversa. Una que no haya ido puede ser menos veraz que una que haya ido. Así es que favor de no considerar ese extremo de la declaración del testigo. Sin lugar la moción de 'Mistrial'.
DEFENSA:

Excepción muy respetuosamente, y queremos para fines de récord hacer constar que la pregunta y respuesta se sucedieron de una manera tan ligera que no nos dio tiempo a objetar la pregunta, ya que en los momentos en que se formularon una y otra estábamos haciendo entrega al magistrado de una solicitud de instrucción especial." (Bastardillas nuestras.)

*Pueblo* v. *González*, 80 D.P.R. 208, 211 (1958) resuelve este planteamiento en forma adversa al apelante. Dijimos:

"El hecho de que el acusado ocupara la silla testifical para deponer a su favor no subsanó los errores indicados. El fiscal trató de impugnar su veracidad pero no hizo la pregunta adecuada. Se limitó a preguntar al acusado si esa era la primera vez que él había tenido casos de esa naturaleza a lo que éste contestó 'Yo había tenido un caso antes'. Este interrogatorio fue objetado por la defensa y la corte sostuvo su objeción pero luego no le dio instrucciones al jurado para que no tomaran en consideración la pregunta y la contestación del testigo. *Al jurado no debe ir prueba de esta naturaleza pues el hecho de que un acusado diga que ha tenido un caso antes no significa que ha sido convicto anteriormente de un delito* felony *que es la evidencia material para impugnar la veracidad de un testigo a base de convicción anterior.*"

Según indicamos en *Pueblo* v. *Archeval*, 74 D.P.R. 512, 515 (1953), "una vez que el acusado se sienta a declarar, se convierte en un testigo como cualquier otro y está sujeto a las mismas reglas y procedimientos en cuanto a la pre-

gunta y repregunta que cualquier otro testigo", entre los cuales se encuentra la impugnación de su veracidad mediante evidencia de convicciones anteriores por delito grave según dispuesto por el artículo 244 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 723.([4]) Pero aun presumiendo que la regla no fuera la expuesta, la pronta intervención del juez de instancia mediante su oportuna instrucción al jurado para que no considerara la prueba objetada, subsanó cualquier efecto perjudicial que pudiera haber tenido el incidente.

No se cometió el error apuntado.

*Se confirmarán las sentencias dictadas por el Tribunal Superior, Sala de Bayamón, en 19 de agosto de 1959.*

---

([4]) La Regla 106 del proyecto de Reglas de Evidencia adoptado por el Tribunal Supremo en 27 de diciembre de 1960 permitiría la impugnación de testigos mediante prueba de la convicción por delitos que afecten su veracidad, sean éstos graves o menos graves.