EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ LUIS LÓPEZ VARELA, acusado y apelante.

*Número:* CR-64-360    *Resuelto:* 13 de mayo de 1965

*Víctor Tirado Saltares,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue acusado conjuntamente con otra persona de un delito de tentativa de robo consistente en que en 13 de abril de 1963 penetró en la residencia de Ana Rosario de Torres en Hato Rey y mediante la fuerza, violencia, amenazas e intimidación intentó sustraer

bienes de la propiedad de dicha señora, en su inmediata presencia y contra su voluntad. Visto el caso ante un jurado, éste le declaró culpable del delito imputádole.

En este recurso sostiene que el Tribunal sentenciador le privó de un juicio justo e imparcial al negarse a trasladar el caso a otra sala. El planteamiento está predicado en un incidente ocurrido unos cinco días antes del juicio, fecha para la cual se había señalado originalmente la vista del caso. Resulta que estando el acusado apelante, quien se encontraba en libertad bajo fianza, esperando que se llamara su caso, entraron al salón del Tribunal unos detectives y esposaron al acusado para cumplimentar una orden de arresto librada por el Tribunal de Distrito. Percatado su abogado de esa situación, habló en privado con el Juez que iba a presidir el juicio y le pidió que el caso se trasladara para otra Sala, a lo que el Juez se negó. La vista del caso, sin embargo, no se celebró ese día, sino cinco días después. En el juicio el apelante no hizo planteamiento alguno en relación con el incidente de las esposas. ([1]) Luego de ser declarado culpable por el jurado, el apelante solicitó un nuevo juicio a base del susodicho incidente. En la vista de esa moción de nuevo juicio se recibió prueba. El apelante, su abogado, y unos familiares de aquél relataron el incidente de las esposas. Testificaron además, como testigos del acusado, seis de los miembros del jurado que le juzgaron y sus testimonios fueron al efecto de que ninguno de ellos se enteró siquiera del incidente del esposamiento de dicho acusado.

La moción de nuevo juicio fue declarada sin lugar. No erró el Tribunal sentenciador. En el récord hay ausencia total de que el incidente de las esposas causara perjuicio sustancial al acusado. Véase *Pueblo v. Rodríguez García,* 85 D.P.R. 467 (1962). Como no hubo prueba de que los miembros del jurado que juzgaron al acusado tuvieran conocimiento

---

([1]) Véanse *Pueblo v. Montalvo Acevedo,* 83 D.P.R. 727 (1961); *Pueblo v. Vázquez,* 75 D.P.R. 25 (1953).

del incidente del esposamiento de dicho acusado, de ese hecho escueto, que sin duda ocurrió, no puede inferirse tampoco que se lesionara su derecho a un juicio justo e imparcial. Véanse *State of Hawaii* v. *Davis T. Brooks*, 352 P.2d 611; *Shultz* v. *State*, 179 So. 764; *Blaine* v. *United States*, 136 F.2d 284.

Sostiene además el apelante que la prueba no establece su culpabilidad más allá de duda razonable.

■ No tiene razón, la prueba de cargo, única presentada en el juicio, estableció que el día 13 de abril de 1963, el apelante en unión a otras personas penetró en la residencia de la señora Ana Rosario de Torres, sita en los altos de la casa número 15 de la Calle Quisqueya en Hato Rey, simulando todos ser detectives que realizaban una investigación. Una vez dentro de dicha residencia intentaron amordazar por la fuerza a la señora Rosario, luego de agredirla y aprisionar contra una pared a la hija menor de edad de ésta, únicas personas que en esos momentos se encontraban en la casa. Los ladrones procedieron a registrar las distintas dependencias de la casa, abriendo las gavetas de los muebles, etc. A los gritos de una vecina, los ladrones huyeron. En cuanto a la participación del apelante en la comisión del delito, la niña de 8 años de edad Ana Mercedes Torres declaró:

"Hon. Fiscal:

Tiene razón. Tu quieres decirle a estas damas y caballeros del jurado que están aquí qué sucedió en relación a este joven, si sucedió algo, en relación a este joven que está aquí?

R.—Bueno, el día del asalto de casa él cuando a mami la tenían atrapillada, rebuscaba las gavetas con los otros.

P.—Tú lo viste rebuscarlas, o te lo imaginaste?

R.—Yo los ví a ellos rebuscando.

P.—A ellos, y a éste en particular, lo viste?

R.—Sí señor.

P.—Lo viste. Y tú dices que . . . , y a tí te pasó algo?

R.—No señor.

P.—Hum?

R.—No señor.

P.—Caminabas por la casa tranquila?

R.—Oh, no, a mí me tenían pegada contra una pared.

P.—Quién?

R.—Un hombre que no han cogido todavía.

P.—Bien, eso es todo, V. H." (T.E. págs. 30 y 31.)

El apelante, sin lugar a dudas fue un coautor del delito de tentativa de robo. Él llegó a la residencia donde se perpetró el asalto junto con los demás asaltantes y si bien no agredió a la señora Rosario ni a la hija de ésta, participó activamente en el registro realizado para perpetrar el robo. En verdad, es por demás frívolo este planteamiento.

*Se confirma la sentencia apelada.*