## STATE v. TERRANCE WADE KLINKERT.

136 N. W. (2d) 399.

July 16, 1965—No. 39,472.

*Ralph S. Parker I,* for appellant.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

Defendant, Terrance W. Klinkert, appeals from a conviction for robbery in the first degree. Three issues are presented: (1) Was it error

to permit defendant to be brought to the courtroom in handcuffs? (2) Did a repudiation of defendant's implication in the crime by an accomplice require a new trial? (3) Was the pretrial procedure by which defendant was identified prejudicial?

The complaining witness, Clarence Tomasko, testified that in the early hours of the morning on June 23, 1963, while he was attending a gasoline service station at 220 West 66th Street in the village of Richfield, two young men, later identified as defendant and one Dennis Anderson, appeared and asked to use his telephone, asserting they had experienced car trouble and wished to call for a ride home. While they were thus engaged, two acquaintances of the attendant drove into the station for service. After they left, Anderson threatened Tomasko with a loaded gun which he had concealed on his person and demanded his money. Tomasko surrendered approximately $53 in cash and was thereupon locked in a broom closet.

Anderson pled guilty to robbery and was sentenced to the Youth Conservation Commission. Defendant stood trial, was convicted, granted a new trial, and again convicted.

■ The first occasion on which defendant challenged the propriety of his being taken to court in handcuffs was on his motion for a new trial.[1] While he asserts by affidavit that his manacles were observed by prospective jurors, this matter was not brought to the trial court's attention for corrective action at the time it occurred. In the absence of a timely objection, we are of the opinion that defendant's complaint cannot be raised for the first time subsequent to trial. State v. Markuson, 261 Minn. 515, 519, 113 N. W. (2d) 346, 349. However, we do not suggest that where security measures require it there is any impropriety in bringing a prisoner to court in manacles, provided appropriate steps are taken to minimize his exposure to the jury's view and the handcuffs are removed before he enters the courtroom.

■ Following his arrest, Dennis Anderson gave the police a formal statement implicating defendant as his accomplice in the robbery. Thereafter he testified in substantially the same manner at the preliminary

---

[1]See, State v. Coursolle, 255 Minn. 384, 389, 97 N. W. (2d) 472, 476, 75 A. L. R. (2d) 755, 761.

hearing held on July 31, 1963, in the municipal court. On cross-examination Anderson admitted he was hostile to Klinkert to a point where he had expressed an intention to kill him. Following his second conviction, defendant secured from Anderson an affidavit in which Anderson completely repudiated the statement he had made to the police and the testimony he had given at the preliminary hearing. Klinkert claims this is newly discovered evidence. However, Anderson was called by the state at the first trial and unequivocally denied that Klinkert was an accomplice in the robbery. He testified that his statement to the police and his testimony at the preliminary hearing were false. Although he was physically present in the courtroom during the second prosecution, neither the state nor the defendant called him to the stand. Under these circumstances, his exoneration of defendant can hardly be characterized as newly discovered evidence.

■ Following defendant's arrest, Tomasko was taken to the city jail to determine whether he could identify the defendant. He testified as follows:

"Well, I walked by real slow all the cells and I looked in each one, and as I got to the last one I was all set to come back again because I didn't see anybody I recognized, but then the man was laying down on his bed and the bailiff hollered 'Klinkert'; I mean, just so I could see who the guy was, and he turned around and I saw him."

He stated that Klinkert was facing the wall until the jailer spoke his name, and when he turned around Tomasko identified him as one of the two implicated in the robbery. It is the contention of defendant that he was thereby singled out as the accused. Tomasko, on the other hand, asserted that he was unaware of defendant's name at the time the incident occurred. While we do not necessarily approve of the procedure followed, we cannot say that it requires a new trial. We are satisfied that the only purpose in calling defendant's name was to permit Tomasko to view him. The circumstances of the identification were before the jury, and while the method used had a bearing on the weight of the evidence, in the absence of an objection, it did not affect its admissibility. Tomasko had an opportunity for nearly half an hour during the robbery to observe the two men who perpetrated the crime,

and at the time of the actual holdup he was only about 3 feet away from the person he identified as Klinkert. Although neither of the witnesses who appeared at the service station prior to the robbery could positively identify defendant, one of them testified that defendant resembled the person he saw with Anderson. We think the identification was adequate. State v. Perra, 266 Minn. 545, 558, 125 N. W. (2d) 44, 53. The judgment is therefore affirmed.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.