## STATE v. CHARLES HENRY LINZY.

156 N. W. (2d) 92.

January 19, 1968—No. 40,623.

*C. Paul Jones,* State Public Defender, and *Ronald J. Wolf,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *David C. Weinberg,* Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from a district court judgment of conviction.

Appellant, Charles H. Linzy, and one Clifton Cruise, Jr., were charged with the offense of aggravated robbery in violation of Minn. St. 609.245 by taking, through the use of force, a billfold containing about $5 from the person of Harold W. Scheftel. They were tried separately. Defendant was represented by the public defender of Hennepin County in the trial before a jury, which returned a verdict of guilty.

The evidence upon which the verdict was based included the testimony of the complaining witness to the effect that defendant, accompanied by Cruise, followed him into an apartment building near the Minneapolis loop at about 2 a. m. on April 29, 1966, where they beat him and took his billfold. Then they fled. The police were notified promptly, and within a matter of minutes after the occurrence, two police officers arrived at the scene of the crime in a patrol car and, with the assistance of the complaining witness, apprehended the defendant and his companion as they walked down the street only a few blocks away. The complaining witness then identified Linzy and Cruise as the men who had robbed him. In the course of the search incident to the arrest of these two men, Cruise dropped a billfold into the gutter near his feet which proved to be the one removed from the person of Mr. Scheftel.

The principal claim of error is based upon this colloquy between court and counsel which occurred on the morning of the third day of trial just before final argument and the submission of the case to the jury:

"Mr. Lohmann: At this time the defendant through his counsel wishes to state for the record that there has been an occurrence during the period that this trial took place which we feel should be made part of the record. The defendant informs me that yesterday, in the afternoon when he was brought from the county jail, that he was brought into the presence of some of the jurors while still in handcuffs, and the hand-cuffs were removed by the sheriff's department after he had appeared in the presence of the jurors.

"The Court: But it did not occur in the courtroom?

"Mr. Lohmann: It did not occur in the courtroom, Your honor. It occurred in the hall adjacent to the courtroom."

■ Defendant has failed to establish that prejudicial error resulted because of the security measures employed in bringing him to the court-room. See, State v. Klinkert, 271 Minn. 548, 136 N. W. (2d) 399. Cf. State v. Coursolle, 255 Minn. 384, 97 N. W. (2d) 472, 75 A. L. R. (2d) 755.

■ Other claims of error have been asserted at the request of the defendant. In light of the testimony of the complaining witness to the effect that Linzy and Cruise acted in concert in effecting the robbery, it was not error for the trial court to receive the victim's billfold in evidence even though it was Cruise who attempted to discard it at the time the two men were arrested. There was ample foundation for the identifying testimony of the complaining witness. Representation by the public defender was not inadequate. Defendant's assertion that certain jurors were prejudiced against him, a Negro, because of newspaper accounts of racial unrest which these jurors read is without foundation.

Affirmed.